10-3688-cv
Kent v. Thomas

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand twelve.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                          *Circuit Judges*.

---

KEITH KENT,

                                   *Plaintiff-Appellant*,

                -v.-                                         10-3688-cv

RICHARD D. THOMAS, MICHAEL NOTTO,

                                   *Defendants-Appellees*.

---

Appearing for Appellant:    Nira T. Kermisch, Sudbury, Mass.

Appearing for Appellees:    Frank Brady, Denise A. Hartman, Assistant Solicitors General, Barbara D. Underwood, Solicitor General *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York  (Curtin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

On August 1, 2008, plaintiff-appellant Keith Kent, a logger, brought this action against New York State Police Investigator Michael Notto and New York State Department of Environmental Conservation ("DEC") Investigator Richard D. Thomas, seeking money damages under 42 U.S.C. § 1983 for false arrest and malicious prosecution in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States. On August 19, 2010, the district court granted defendants' motion for summary judgment and dismissed the action in its entirety. Kent now appeals. We assume the parties' familiarity with the underlying facts and procedural history.

We review de novo a district court's grant of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Serricchio v. Wachovia Secs. LLC*, 658 F.3d 169, 179 (2d Cir. 2011). The movant must "show[] that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001) (internal quotation marks omitted). Summary judgment is appropriate only if no rational fact-finder "could find in favor of the nonmoving party because the evidence to support its case is so slight." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The absence of probable cause is a necessary element of both false arrest and malicious prosecution claims. *See Williams v. Town of Greenburgh*, 535 F.3d 71, 78-79 (2d Cir. 2008); *see also Cornejo v. Bell*, 592 F.3d 121, 129 (2d Cir. 2010) (stating that "the initiation of an action . . . without probable cause to believe [the action] can succeed" are two of four essential elements of a malicious prosecution claim in New York); *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) ("[T]here can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff.").

"Probable cause exists when [one] ha[s] knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Williams*, 535 F.3d at 79 (internal quotation marks omitted). For false arrest claims, the probable cause inquiry focuses on the facts reasonably believed by the officers at the time of the arrest; even if it later turns out that the officers were mistaken, a mistake of fact would not undermine probable cause so long as their belief was objectively reasonable. *Id.* With respect to claims for malicious prosecution, we have held that "[u]nder New York law, even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (internal quotation marks omitted).

When considering whether the facts known to an officer give rise to probable cause, we must not "consider individual facts in isolation but [must] examine the totality of the circumstances." *United States v. Delossantos*, 536 F.3d 155, 161 (2d Cir. 2008). In general, "[a]n arresting officer advised of a crime by a person who claims to be the victim, and who has

2

signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) (internal quotation marks omitted).

The only issue in this appeal is whether the district court erred in concluding that there was no genuine dispute of material fact as to whether defendants had probable cause. Defendants arrested Kent based on charges of "grand larceny in the third degree" in violation of Section 155.35 of the New York Penal Law, and "unlawful cutting of trees," in violation of Section 9-1501 of the New York Environmental Conservation Law.

We agree with the district court that, viewing the evidence in the light most favorable to Kent, a reasonable jury could not find that defendants lacked probable cause to arrest Kent for larceny. "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself . . . , he wrongfully takes, obtains, or withholds such property from an owner thereof." N.Y. Penal § 155.05(1). Defendants reasonably believed that Gladys Drought had authorized Kent to remove only 79 of the high-quality "sawtimber" trees but, based on the DEC foresters' report, that Kent had removed at least 198 such trees, and had thus stolen more than 100 trees. Additional facts reasonably believed by defendants at the time of Kent's arrest supported their belief that Kent had stolen the trees. These additional facts include: (1) Drought's sworn statement to the police described Kent as having taken trees after dark the same day he had explicitly agreed not to; (2) Kent had not defined "cull trees" in Drought's contract but had done so in a contract with another individual; and (3) the contract indicated that Kent's mother had signed as a witness, but according to Drought, there had been no witness to the agreement.

Kent argues that the district court erred in relying on the DEC foresters' report and in ignoring a second appraisal by forestry expert Bruce Robinson. It is undisputed that the second appraisal did not come into existence until after Kent's arrest. Thus, the report can have no bearing on Kent's false arrest claim, for probable cause is assessed at the time of arrest for this claim. *See Williams*, 535 F.3d at 79. With respect to the assessment of probable cause for Kent's malicious prosecution claim, Kent points to no evidence to suggest that defendants took any action subsequent to Kent's arrest, so this claim, too, hinges on the question of whether the arrest was supported by probable cause. *See, e.g.*, *Smith v. City of New York*, 388 F. Supp. 2d 179, 186 (S.D.N.Y. 2005) (noting that because officer was not involved with criminal proceeding after the filing of the criminal complaint, probable cause should be assessed at the time of arrest). In any event, Kent has not demonstrated that defendants, assuming they reviewed the Robinson report, were unreasonable in crediting the findings of the DEC report over those of the Robinson report.

Kent also argues that defendants lacked probable cause because his dispute with Drought was a civil matter and not a criminal offense, and because there is evidence in the record that a forestry attorney believed the contract was valid. The district court correctly rejected these arguments. The contract's validity was irrelevant, and the fact that this case could also be characterized as a contract dispute did not preclude defendants from believing that Kent's actions satisfied the elements of larceny. The more than 100-tree discrepancy between the number of "sawtimber" trees harvested according to the DEC report and the number of "sawtimber" trees contracted for allowed a person of reasonable caution to conclude that Kent

had intended to steal these additional trees. Regarding the contract, defendants could reasonably have concluded that Kent had used the pretext of the contract—valid or not—to take considerably more "sawtimber" lumber than the contract authorized.

Moreover, the DEC report gave defendants reason to believe that Kent had lied when he claimed that the additional "sawtimber" trees were "cull" trees, and they had reason to believe that Kent had intended to pass off the additional high-quality "sawtimber" trees as lower-quality "cull" trees. Although Kent argues that there were valid explanations for his actions, defendants "w[ere] not required to explore and eliminate every plausible claim of innocence before making an arrest," *Jaegly*, 439 F.3d at 153; indeed, "[t]he fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause." *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985).

We have reviewed the remainder of Kent's arguments and found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk